UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE MCKAY,<br><br>          Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A., AFFINIA DEFAULT SERVICES, LLC,<br><br>          Defendants. | Case No.: 3:18-cv-1492-CAB-BGS<br><br>**ORDER GRANTING UNOPPOSED MOTION TO DISMISS**<br>**[Doc. No. 3]** |

On May 21, 2018, Plaintiff filed a complaint in the Superior Court of the State of California against Defendant asserting various claims arising out of a notice of default and the institution of foreclosure proceedings on certain real property located in Fallbrook, California. [Doc. No. 1-2.] On June 29, 2018, Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), removed the lawsuit to this Court on the basis of federal question jurisdiction because the complaint asserts a claim for violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq*. [Doc. No. 1.] On July 6, 2018, Wells Fargo filed a motion to dismiss [Doc. No. 3]. No opposition has been filed.

Civil Local Rule 7.1.e.2 requires a party opposing a motion file an opposition or statement of non-opposition within fourteen calendar days of the noticed hearing. CivLR 7.1.e.2. Failure to comply with the local rules setting a deadline to oppose a motion "may

constitute a consent to the granting of a motion." CivLR 7.1.f.3.c. District courts have broad discretion to enact and apply local rules, including dismissal of a case for failure to comply with the local rules. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming grant of an unopposed motion to dismiss under local rule by deeming a *pro se* litigant's failure to oppose as consent to granting the motion). That Plaintiff is proceeding *pro se* in this action does not excuse her failure to follow the rules of procedure that govern other litigants. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("*Pro se* litigants must follow the same rules of procedure that govern other litigants.").

Here, Wells Fargo filed proofs of service for both the notice of removal and the motion, signaling that Wells Fargo served both documents on Plaintiff by United States Mail at the address provided on the face of the complaint. [Doc. No. 1-1 at 2; Doc. No. 3 at 25.] The motion has a noticed hearing date of August 13, 2018, making Plaintiff's opposition due on July 30, 2018. As of the date of this order, Plaintiff has not filed a response.

In light of Plaintiff's failure to oppose Wells Fargo's motion to dismiss, the Court assumes that Plaintiff no longer intends to prosecute this action against Wells Fargo and consents to the granting of the motion. *See* CivLR 7.1.f.3.c. Accordingly, it is hereby **ORDERED** that Defendant's motion to dismiss is **GRANTED**, and the complaint is **DISMISSED WITHOUT PREJUDICE** as to Plaintiff's claims against Wells Fargo.

The complaint does not assert any federal claims against Defendant Affinia Default Services, LLC ("Affinia"), and the Court declines to exercise supplemental jurisdiction over the state law claims against Affinia. Accordingly, this case is **REMANDED** to San Diego County Superior Court with respect to Plaintiff's remaining claims against Affinia.

It is **SO ORDERED**.

Dated: August 15, 2018

Hon. Cathy Ann Bencivengo
United States District Judge